1   KILPATRICK TOWNSEND & STOCKTON LLP
    Heather Habes (State Bar No. 281452)
2   9720 Wilshire Boulevard, PH
    Beverly Hills, CA  90212
3   Telephone:  (310) 777-3757
    Facsimile:  (310) 388-1361
4   Email: hhabes@kilpatricktownsend.com

5   John P. Jett (Georgia Bar No. 827033) (*admitted pro hac vice*)
    Jeffrey L. Fisher (Georgia Bar No. 981575) (*admitted pro hac vice*)
6   1100 Peachtree Street, Suite 2800
    Atlanta, GA  30309-4528
7   Telephone:  (404) 815-6500
    Facsimile:  (404) 815-6555
8   Email: jjett@kilpatricktownsend.com; jfisher@kilpatricktownsend.com

9   Counsel for Plaintiffs
    SHELFGENIE FRANCHISE SYSTEMS, LLC, G-O MANUFACTURING, LLC
10  and CABINET ESSENTIALS GROUP, LLC

11  MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP
    Anthony J. Ellrod (State Bar No. 136574)
12      *aje@manningllp.com*
    Jenifer C. Wallis (State Bar No. 303343)
13      *jcw@manningllp.com*
    801 Figueroa St, 15th Floor
14  Los Angeles, California 90017-3012
    Telephone: (213) 624-6900
15  Facsimile: (213) 624-6999

16  Counsel for Defendants
    STATES INDUSTRIES, LLC and STATES DRAWER BOX SPECIALTIES, LLC
17

18                  **UNITED STATES DISTRICT COURT**

19          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

20                        **SOUTHERN DIVISION**

| | |
|---|---|
| 21  SHELFGENIE FRANCHISE SYSTEMS, LLC, G-O MANUFACTURING, LLC AND CABINET ESSENTIALS GROUP, LLC | Case No.   8:15-CV-01966-JVS-JC |
| 22 | **STIPULATED PROTECTIVE ORDER** |
| 23            Plaintiffs, | |
| 24       v. | **[CHANGES MADE BY COURT TO PARAGRAPHS 2.2, 2.2.2, 5.3 AND EXHIBIT A]** |
| 25  STATES INDUSTRIES, LLC and STATES DRAWER BOX SPECIALTIES, LLC | |
| 26 | |
| 27            Defendants. | |

28

1   **1.**   <u>**PURPOSE AND LIMITS OF THIS ORDER**</u>

2        Discovery in this action is likely to involve confidential, proprietary, or

3 private information requiring special protection from public disclosure and from

4 use for any purpose other than this litigation. Thus, the Court enters this Protective

5 Order. This Order does not confer blanket protections on all disclosures or

6 responses to discovery, and the protection it gives from public disclosure and use

7 extends only to the specific material entitled to confidential treatment under the

8 applicable legal principles. This Order does not automatically authorize the filing

9 under seal of material designated under this Order. Instead, the parties must comply

10 with L.R. 79-5 if they seek to file anything under seal. This Order does not govern

11 the use at trial of material designated under this Order.

12   **2.**   <u>**DESIGNATING PROTECTED MATERIAL**</u>

13        **2.1 Over-Designation Prohibited**. Any party or non-party who designates

14 information or items for protection under this Order as "CONFIDENTIAL," or

15 "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," (a "designator") must

16 only designate specific material that qualifies under the appropriate standards. To

17 the extent practicable, only those parts of documents, items, or oral or written

18 communications that require protection shall be designated. Designations with a

19 higher confidentiality level when a lower level would suffice are prohibited. Mass,

20 indiscriminate, or routinized designations are prohibited. Designation under this

21 Order is allowed only if the designation is necessary to protect material that, if

22 disclosed to persons not authorized to view it, would cause competitive or other

23 recognized harm. Material may not be designated if it has been made public, or if

24 designation is otherwise unnecessary to protect a secrecy interest. If a designator

25 learns that information or items that it designated for protection do not qualify for

26 protection at all or do not qualify for the level of protection initially asserted, that

27

28

designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2 Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY,") to each page that contains protected material. For testimony given in deposition, the designator shall specify all protected testimony and the level of protection being asserted.  The designator shall have up to 30 days from when the deposition transcript is made available to make its designation.

**2.2.1** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**2.2.2** Parties shall give advance notice if they expect a deposition to include designated material so that the other parties can ensure that only authorized individuals are present at the deposition when such material is disclosed or used.   The use of a document as an exhibit at a deposition shall not in any way affect its designation or constitute a waiver. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is

**STIPULATED PROTECTIVE ORDER**

prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 30-day period, the transcript shall be treated only as actually designated.

**2.3 Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**2.4 Information That May Be Designated Confidential.**  A producing party may designate as "CONFIDENTIAL" any information, or portion thereof, which (i) that party has in good faith determined contains sensitive business information (including, without limitation, financial, corporate, and other confidential information), confidential research and development, and which that party believes in good faith would, if disclosed, provide an unfair proprietary or other competitive advantage to one of the producing party's competitors or that would otherwise injure or prejudice the producing party in the carrying out of its business or (ii) constitutes, in whole or in part, the medical records of any individual.

**2.5 Information That May Be Designated Highly Confidential-Attorney's Eyes Only.**  A party may designate discovery material "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" if the party reasonably and in good faith believes the discovery material includes trade secrets or confidential information that would cause irreparable harm to the producing party in the event of disclosure to individuals not authorized below.

3.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

4.      **ACCESS TO DESIGNATED MATERIAL**

**4.1 Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2 Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

    **4.2.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

    **4.2.2** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    **4.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    **4.2.4** The Court and its personnel;

    **4.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    **4.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**STIPULATED PROTECTIVE ORDER**

5

1    **4.2.7** The author or recipient of a document containing the material, or

2    a custodian or other person who otherwise possessed or knew the

3    information.

4    **4.3 Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES**

5    **ONLY Material Without Further Approval.** Unless permitted in writing by the

6    designator, a receiving party may disclose material designated HIGHLY

7    CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

8    **4.3.1** The receiving party's outside counsel of record in this action and

9    employees of outside counsel of record to whom it is reasonably necessary to

10   disclose the information;

11   **4.3.2** An expert retained by outside counsel of record provided that (i)

12   such persons are not presently affiliated or associated with, or employed by,

13   any competitor of a party, and (ii) such persons have executed the

14   Agreement to Be Bound (Exhibit A); and notice is provided to the party that

15   produced the discovery material at least five (5) business days prior to

16   disclosure to any such independent expert or consultant;

17   **4.3.3** The Court and its personnel;

18   **4.3.4** Outside court reporters and their staff, professional jury or trial

19   consultants, and professional vendors to whom disclosure is reasonably

20   necessary, and who have signed the Agreement to Be Bound (Exhibit A);

21   **4.3.5** The author or recipient of a document containing the material, or

22   a custodian or other person who otherwise possessed or knew the

23   information;

24   **4.3.6** Any other person by stipulation of the party that produced the

25   information or by order of the Court.

26

27

28

---

**STIPULATED PROTECTIVE ORDER**

## 5.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**5.1 Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**5.2 Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY that party must:

**5.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**5.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**5.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**5.3 Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission or unless otherwise required by court order or law. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6.**    **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**7.**    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**8.**    **FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.2.2. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's

---

**STIPULATED PROTECTIVE ORDER**

8

1   request to file designated material under seal pursuant to L.R. 79-5.2.2 is denied by

2   the Court, then the receiving party *may file the material in the public record*

3   *unless* (1) the *designator* seeks reconsideration within three days of the denial, or

4   (2) as otherwise instructed by the Court.

5   **9.    FINAL DISPOSITION**

6          Within 60 days after the final disposition of this action, each party shall

7   return all designated material to the designator or destroy such material, including

8   all copies, abstracts, compilations, summaries, and any other format reproducing or

9   capturing any designated material. The receiving party must submit a written

10  certification to the designator by the 60-day deadline that (1) identifies (by

11  category, where appropriate) all the designated material that was returned or

12  destroyed, and (2) affirms that the receiving party has not retained any copies,

13  abstracts, compilations, summaries, or any other format reproducing or capturing

14  any of the designated material. This provision shall not prevent counsel from

15  retaining an archival copy of all pleadings, motion papers, trial, deposition, and

16  hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

17  expert reports, attorney work product, and consultant and expert work product,

18  even if such materials contain designated material. Any such archival copies

19  remain subject to this Order.

20  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

21  DATED: March 8, 2016

22

23  _____/s/ Heather W. Habes_____

24  Heather W. Habes
    Kilpatrick Townsend & Stockton LLP

25  Counsel for Plaintiffs
    SHELFGENIE FRANCHISE SYSTEMS, LLC, G-O MANUFACTURING, LLC

26  and CABINET ESSENTIALS GROUP, LLC

27

28

**STIPULATED PROTECTIVE ORDER**

1    DATED: March 8, 2016

2

3            _____/s/ Jenifer C. Wallis_____

     Jenifer C. Wallis
4    Manning & Kass, Ellrod, Ramirez Tester LLP

5    Counsel for Defendants
     STATES INDUSTRIES, LLC and STATES DRAWER BOX SPECIALTIES, LLC
6

7    Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and

8    on whose behalf the filing is submitted, concur in the filing of this stipulation and

9    have authorized the filing of this stipulation.

10

11           _____/s/ Heather W. Habes_____

     Heather W. Habes
12   Kilpatrick Townsend & Stockton LLP
     Counsel for Plaintiffs
13

14

15   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

16   DATED:     March 18, 2016

17

18

19                                    _____/s/_____

20                                    Honorable Jacqueline Chooljian
                                      United States Magistrate Judge
21

22

23

24

25

26

27

28
     _____
                        **STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Central District of California on

March 18, 2016 in the case of *ShelfGenie Franchise System, LLC v. States

Industries, LLC*, Case No. 8:15-cv-01966. I agree to comply with and to be bound

by all the terms of this Protective Order, and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment for contempt. I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Protective Order to any person or entity except in strict

compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing this Order, even if

such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

---

**STIPULATED PROTECTIVE ORDER**